**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:18-CR-00042-JDK** |
| **v.** | § | |
| | § | |
| | § | |
| **IMMANUEL DOMINIC JOHNSON (9),** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 20, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Immanuel Dominic Johnson. The government was represented by Lucas R. Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by David W. Barlow, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. On January 8, 2020, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 84 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On February 9, 2024, the term of imprisonment was reduced to 70 months, and the criminal history category was amended to IV. On February 16, 2024, Defendant completed his period of imprisonment and began serving his supervision term. On the same date, Defendant's

conditions of supervised release were modified to include 180 days in a residential reentry facility due to his homeless status upon release from imprisonment.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime. In Allegation 1, Paragraph 3 of its petition, the government alleges that Defendant violated a condition of supervised release when he was arrested for Unlawful Possession of Firearm by a Felon on June 3, 2025, for which charge Defendant remains in custody at the Smith County Jail.

If the court finds by a preponderance of the evidence that Defendant violated a condition of supervised release by unlawfully possessing a firearm, as evidenced by Defendant's June 3, 2025 arrest for the same, Defendant will be in violation of Texas Penal Code § 46.04 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a). The statutorily authorized maximum imprisonment term is 3 years. 18 U.S.C. § 3583(e)(3).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from committing another federal, state, or local crime, asserted in Allegation 1, Paragraph 3 of the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 12 months and 1 day, with 1 year of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1, Paragraph 3 be accepted and that he be imprisoned for a term of 12 months and 1 day, with 1 year

of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at the Federal Medical Center in Fort Worth, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.§

**So ORDERED and SIGNED this 26th day of August, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE